# IN THE COURT OF APPEALS OF IOWA

No. 15-1219
Filed September 14, 2016

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**CALEB LEONARD BLATTEL,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Boone County, Gary L. McMinimee (sentencing), James C. Ellefson (trial), and James B. Malloy (motion hearing), Judges.

 Caleb Blattel appeals following the district court's denial of his motion to suppress. **AFFIRMED.**

 Andrew J. Boettger of Hastings, Gartin, & Boettger, LLP, Ames, for appellant.

 Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

 Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Caleb Blattel appeals following the district court's denial of his motion to suppress. Blattel claims law enforcement did not have probable cause or consent to perform a search, the "pat down" search of his person violated his constitutional right to be free from unreasonable searches and seizures, and his post-*Miranda*[1] statements should have been suppressed. We affirm the decision of the district court.

## I. Background Facts & Proceedings

On January 28, 2015, Madrid Police Chief Rick Tasler responded to a call concerning a suspicious vehicle in a trailer park. Upon arrival, Tasler encountered Blattel in a trailer owned by a person known as "Hogger," who Tasler knew had a criminal record and was known through past drug investigations. Tasler was also familiar with Blattel and knew he was on parole. Tasler asked Blattel if his parole officer would approve of him associating with the others in the trailer, told Blattel he would be calling his parole officer to inform him about the incident, and advised Blattel to do the same.

Tasler left and called Blattel's parole officer, Steve Naeve, who advised Tasler that Blattel had failed a drug test, had missed several meetings, and was not responding to phone calls. Naeve told Tasler he would come to Madrid immediately to speak with Blattel. Soon after speaking with Naeve, Tasler received a call from the trailer park owner informing him Blattel was leaving the area on foot. Tasler again spoke with Naeve about this information. Naeve

---

[1] *See Miranda v. Arizona,* 384 U.S. 436 (1966) (holding a defendant subjected to custodial interrogation must be informed of his rights under the Fifth and Fourteenth Amendments).

asked Tasler to hold and detain Blattel while he drove to Madrid. Tasler returned to the trailer park and spotted Blattel walking. Tasler stated it appeared Blattel was about to run so he told him "don't run" and directed Blattel to approach him. Blattel complied and was told he would be transported to the police station.

Before Tasler placed Blattel in his squad car, he performed a pat down search. As a result, Tasler seized a large knife, a round makeup kit, and a sunglasses case containing a glass methamphetamine pipe, pills, and suspected methamphetamine. Blattel was read his *Miranda* rights at the police station.

On March 5, the State charged Blattel with one count of possession of a controlled substance (methamphetamine) third or subsequent offense, and two counts of unlawful possession of prescription drug or device in violation of Iowa Code section 124.401(5) and section 155A.21 (2013). Blattel filed a motion to suppress on March 17 citing violations of the Fourth and Fourteenth Amendments to the U.S. Constitution and article I, section 8 of the Iowa Constitution. The district court denied the motion to suppress.

A jury trial was held on June 3, 2015, and the jury found Blattel guilty of possession of methamphetamine,[2] possession of a prescription drug (Norco) without a prescription, and possession of a prescription drug (Xanax) without a prescription. Blattel was sentenced to a term of imprisonment, not to exceed seven years, to run concurrently with his parole revocation. Blattel now appeals.

---

[2] Blattel subsequently admitted to two prior possession-of-controlled-substance convictions

## II. Standard of Review

Blattel claims the district court should have granted his motion to suppress under the Fourth and Fourteenth Amendments to the United States Constitution and article I, section 8 of the Iowa Constitution. Therefore, our review is de novo. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). This review requires "an independent evaluation of the totality of the circumstances as shown by the entire record." *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001) (internal quotation marks omitted). The court gives "deference to the factual findings of the district court due to its opportunity to evaluate the credibility of the witnesses, but [is] not bound by such findings." *State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007).

## III. Probable Cause for Arrest

Blattel claims his arrest was not supported by probable cause and the denial of the motion to suppress, the search yielding evidence, and his post-*Miranda* confession were all in error. All Blattel's claims stem from his arrest by Tasler, therefore, if the arrest is supported by probable cause, the remainder of Blattel's claims need not be addressed.

Initially, Tasler called to inform Naeve that Blattel may be in violation of his parole as he was associating with known criminals. After a discussion of Blattel's other violations—failing a drug test, missing several meetings, and failing to answer phone calls—Naeve determined there was probable cause to arrest Blattel for a parole violation and began making his way to Madrid. When informed Blattel was leaving his current location, Naeve asked Tasler to "hold onto" Blattel until he arrived. *See State v. Satern*, 516 N.W.2d 839, 841 (Iowa

1994) (imputing knowledge of one peace officer to another peace officer); *State v. Owens*, 418 N.W.2d 340, 342 (Iowa 1988) (finding when peace officers "are acting in concert, the knowledge of one is presumed shared by all"); *see also* Iowa Code §§ 906.2 ("Parole officers, while performing their duties as parole officers, are peace officers and have all the powers and authority of peace officers."), 908.1A ("A parole officer having probable cause to believe that any person released on parole has violated the parole plan or the conditions of parole may arrest such person.").

We find Naeve had probable cause based on Blattel's failed drug test, missed meetings, failure to answer phone calls, and association with known criminals.  We also find Naeve and Tasler acted in concert, and as a result, Tasler shared Naeve's probable cause to arrest Blattel.  As a result, Blattel's rights were not violated.

We affirm the decision of the district court.

**AFFIRMED.**